UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-62398-CIV-COHN/SELTZER

IRMA MOTEN,

    Plaintiff,

v.

BROWARD COUNTY, FLORIDA,

    Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS COUNT III OF PLAINTIFF'S AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Broward County's Motion to Dismiss Count III of Plaintiff's Amended Complaint [DE 53] ("Motion"). The Court has considered the Motion, Plaintiff Irma Moten's Response to Defendant's Motion to Dismiss Count III of the First Amended Complaint and Response to Order to Show Cause [DE's 58, 59] ("Response"), Defendant's Reply [DE 62], and the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff filed this action against Defendant on December 9, 2010 [DE 1]. On April 4, 2011, she filed an Amended Complaint [DE 7]. The Amended Complaint brings the following three claims: race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Count I); race discrimination in violation of Florida Civil Rights Act of 1992 (Count II); and violation of the Equal Pay Act, 29 U.S.C. § 206 (Count III). In the instant Motion, Defendant seeks dismissal of Count III. The following are the relevant facts regarding Count III.

According to the Amended Complaint, Plaintiff has worked at Defendant's Medical Examiner's Office as a Forensic Technician since 2001.  Am. Compl. ¶¶ 14, 15.  In February 2009,[1] Defendant hired a white male, Patrick Karr, as a Forensic Technician.  Id. ¶ 18.  Despite the fact that Mr. Karr had less experience than Plaintiff, Defendant paid him 46 cents an hour more than Plaintiff.  Id. ¶¶ 18, 19.  Specifically, Mr. Karr began working for $17.0837 an hour while Plaintiff was earning only $16.6230.  Declaration of Rita McManus [DE 53-1] ¶¶ 2, 6, 9.  In October 2009, Plaintiff's hourly rate was increased to $17.1217, id. ¶ 7, and Mr. Karr's hourly rate was increased to $17.5962, id. ¶ 10.  Then, on May 16, 2010, Plaintiff's hourly rate was increased to $17.9087.  Id. ¶ 8.

Though Defendant "maintains and denies that it has committed any acts of gender or race discrimination," Mot. at 2, on November 4, 2011, Defendant paid Plaintiff $1,331.52 as "backpay" through direct deposit, and sent her a check for $1,331.52 in liquidated damages, see Payroll Receipt [DE 53-2 at 2] (for $1,331.52); Check [DE 53-2 at 3] (for $1,331.52).  Defendant notes that this amount consists of (a) the hourly rate differential between Plaintiff and Mr. Karr from February 16, 2009 through May 16, 2010, when Plaintiff's rate was raised above Mr. Karr's rate, plus (b) an equal amount to represent liquidated damages that Plaintiff might have been able to cover if she were to prevail on her Equal Pay Act claim.  See Declaration of Nicholas Polizos [DE 53-3]

---

[1]   The Amended Complaint alleges that Mr. Karr was hired in February 2008, but the record indicates that he was actually hired in February 2009.  See Patrick Karr Personnel Action Form [DE 49-8] (indicating an effective hiring date of February 16, 2009); see also Payroll Salary Assignment/Changes Record [DE 53-1] at 6 (indicating a new hire date of 02-16-2009).

(explaining calculations).

In its Motion, Defendant contends that Count III of the Amended Complaint is now moot because Defendant has tendered payment in the full amount of relief that Plaintiff could obtain on her Equal Pay Act claim. Mot. at 2 ¶ 7. Therefore, Defendant seeks an Order dismissing Count III. Plaintiff objects to dismissal, arguing that the Court retains jurisdiction over her claim.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008). Article III of the Constitution specifically limits federal court jurisdiction to actual cases and controversies. See U.S. Const. Art. III § 2; see also Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla., 382 F.3d 1276, 1281 (11th Cir. 2004). An action that does not present an active case or controversy is moot. Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001).

If a claim is moot, a federal court lacks jurisdiction to evaluate the merits. Troiano, 382 F.3d at 1281, 1281 n.3. In such cases, dismissal is warranted under Rule 12(b)(1) for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction challenges come in two forms—facial and factual. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). The instant challenge is a factual challenge. See Mot. at 3.

In a factual challenge, the court may consider extrinsic evidence such as testimony and affidavits. Lawrence, 919 F.2d at 1529. The Court need not take the allegations in the complaint as true. Id. Instead, "the trial court is free to weigh the

evidence and satisfy itself as to the existence of its power to hear the case." Id. "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. Also, in a factual challenge, the plaintiff "has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981).

### III. ANALYSIS

In Count III of the Amended Complaint, Plaintiff seeks relief under the Equal Pay Act. The Equal Pay Act provides, "Any employer who violates the provisions of [the Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Defendant argues that Plaintiff's Equal Pay Act claim is moot because Defendant already tendered payment to Plaintiff for her claimed backpay and liquidated damages. See Mot. at 2 ¶ 8, 4-6; Payroll Receipt (for $1,331.52); Check (for $1,331.52); see also Mot. at 3 ¶ 9.

However, there is no evidence that Plaintiff ever accepted the check for liquidated damages. Defendant emphasizes that it sent Plaintiff the check via U.S. certified mail on November 4, 2011, and after attempting to deliver the check at 3:42 p.m. on November 7, 2011, the United States Postal Service left a notice. Declaration of Melissa McGhie [DE 63-1] ¶¶ 2, 3, 4; Certified Mail Receipt [DE 63-1 at 3]; United States Postal Service Track & Confirm Results [DE 63-1 at 5]. But Plaintiff maintains that she "has *never* received that check." Resp. at 1 ¶ 3. Defendant presents no other evidence that Plaintiff ever actually received, accepted, or deposited the liquidated

4

damages check.

Defendant argues instead that the claim is moot regardless of whether Plaintiff accepted the check due to the mere fact that Defendant mailed the check.  See Mot. at 5.  In support of its proposition, Defendant cites Lynch v. First National Collection Bureau, Inc., Case No. 11-60798-CIV, 2011 WL 2457903, at *1 (S.D. Fla. June 17, 2011).  Unlike this case, the defendant in Lynch had served the plaintiff with a formal offer of judgment pursuant to Federal Rule of Civil Procedure 68.[2]  In analyzing the Rule 68 procedures, the Lynch Court noted, "[w]hether or not the plaintiff accepts the offer, 'generally, an offer of judgment providing the plaintiff with the maximum allowable relief [will] moot the plaintiff's [claim].'" Id. at *1 (quoting Moore v. Hecker, 250 F.R.D. 682, 684 (S.D. Fla. 2008)); see also Mackenzie v. Kindred Hosps. E., LLC, 276 F. Supp. 2d 1211, 1218-19 (M.D. Fla. 2003) (dismissing FLSA claim as moot after plaintiff rejected Rule 68 offer where offer exceeded amount plaintiff could have received at

---

[2] Rule 68 provides, in pertinent part, as follows:

(a) Making an Offer; Judgment on an Accepted Offer.  At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.  If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.  The clerk must then enter judgment.

(b) Unaccepted Offer.  An unaccepted offer is considered withdrawn, but it does not preclude a later offer.  Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.
. . .

(d) Paying Costs After an Unaccepted Offer.  If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

trial). "Therefore, 'Rule 68 offers can be used to show that the court lacks subject-matter jurisdiction.'" Lynch, 2011 WL 2457903, at *1 (quoting Pollack v. Bay Area Credit Serv., LLC, No. 08-61101-Civ, 2009 WL 2475167, at *5 (S.D. Fla. Aug. 13, 2009)).

Here, Defendant has presented no evidence that it served Plaintiff with a Rule 68 offer of judgment. Sending the check appears to be nothing more than an attempt to settle. As this Court has previously stated, "in the absence of any appellate authority that approves dismissal of an action upon a mere offer of full damages, this Court [finds] that Defendant's argument would eviscerate the procedures set forth in Rule 68." Balthazor v. ARS Nat'l Servs., Inc., Case No. 11-60821-CIV, 2011 WL 367701, at *2 (S.D. Fla. Aug. 18, 2011) (agreeing with Manfred v. Focus Receivables Mgmt., LLC, Case No. 10-60597-Civ-Zloch, DE 29, at 5 (S.D. Fla. Apr. 6, 2011) ("Had Defendant made a Rule 68 offer of judgment to Plaintiff, the Court agrees that whether said offer was accepted by Plaintiff would be of no moment in the Court's analysis. Indeed, it would be the Rule 68 offer of maximum statutory damages itself, and not any subsequent acceptance, that would moot the instant FDCPA claims . . . . But that is not what we have here. And Defendant simply cannot have it both ways.")). Consequently, Count III remains pending, and the Court continues to have subject matter jurisdiction over that claim.[3]

---

[3] The Court notes that if Defendant had complied with Rule 68's procedures, Plaintiff's remaining two arguments would not preclude relief. First, Defendant has already complied with any obligations regarding fringe benefits. See Resp. at 2 ¶ 5. "The only benefit that is contingent on a rate of pay is [] retirement to which the County contributes on behalf of the employee." Reply at 4 n.3. Defendant recorded the $1,331.52 direct deposit payroll transaction as "backpay" specifically to ensure that the payment "would be reported to the Florida State Retirement System (FRS)." Reply at 4; see also Supplemental Declaration of Rita

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant Broward County's Motion to Dismiss Count III of Plaintiff's Amended Complaint [DE 53] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 23rd day of November, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
Irma Moten, *pro se*, via regular CM/ECF mail

---

McManus [DE 63-2] ("McManus Supplemental Declaration") ¶ 6; Payroll Receipt. FRS "determines the proper amount to apply to the employee's FRS account at which point such amount is automatically contributed by the County." McManus Supp. Decl. ¶ 7.

Second, Plaintiff is mistaken in her assertion that she "is additionally entitled to prejudgment interest." Resp. at 2 ¶ 6. In a claim filed pursuant to 29 U.S.C. § 216(b), such as this one, see Am. Compl. ¶ 36, "Plaintiffs may not recover both liquidated damages and prejudgment interest." Joiner v. City of Macon, 814 F.2d 1537, 1539 (11th Cir. 1987) (citing Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 715 (1945). As the Supreme Court noted in Brooklyn Savings, "To allow an employee to recover the basic statutory wage and liquidated damages, with interest, would have the effect of giving an employee double compensation for damages arising from delay in the payment of the basic minimum wages," 324 U.S. at 715. In her Amended Complaint, Plaintiff specifically requests liquidated damages. See Am. Compl. ¶ 37; Am. Compl. at Prayer for Relief.