UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-62398-CIV-COHN/SELTZER

IRMA MOTEN,

    Plaintiff,

v.

BROWARD COUNTY, FLORIDA,

    Defendant.

_____/

### ORDER GRANTING SECOND MOTION TO DISMISS COUNT III OF PLAINTIFF'S AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Broward County's ("the County's") Second Motion to Dismiss Count III of Plaintiff's Amended Complaint [DE 69] ("Motion to Dismiss").  The Court has considered the Motion to Dismiss, the argument of counsel at the February 16, 2012 hearing, Plaintiff Irma Moten's *pro se* representations at earlier hearings, and the record in this case, and is otherwise fully advised in the premises.[1]

### I. BACKGROUND

Plaintiff filed this action against the County on December 9, 2010 [DE 1].  On April 4, 2011, she filed an Amended Complaint [DE 7].  The Amended Complaint brings the following three claims: race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Count I); race discrimination in violation of Florida Civil Rights Act of 1992 (Count II); and violation of the Equal Pay Act, 29 U.S.C. § 206 (Count III).  In the instant

---

[1] Plaintiff has not filed a written response to the Motion to Dismiss, and the time for doing so has passed.

Motion to Dismiss, the County seeks dismissal of Count III for lack of subject matter jurisdiction.  The following are the relevant facts regarding Count III.

According to the Amended Complaint, Plaintiff has worked at the County's Medical Examiner's Office as a Forensic Technician since 2001.  Am. Compl. ¶¶ 14, 15.  In February 2009,[2] the County hired a white male, Patrick Karr, as a Forensic Technician, and paid him 46 cents an hour more than Plaintiff.  Id. ¶¶ 18, 19.  Specifically, Mr. Karr began working for $17.0837 an hour while Plaintiff was earning only $16.6230.  Declaration of Rita McManus 10/26/2011 [DE 69-1] ¶¶ 3, 6, 9.  In October 2009, Plaintiff's hourly rate was increased to $17.1217, id. ¶ 7, and Mr. Karr's hourly rate was increased to $17.5962, id. ¶ 10.  Then, on May 16, 2010, Plaintiff's hourly rate was increased to $17.9087, id. ¶ 8, an amount greater than what Mr. Karr was making at the time.

In its Motion to Dismiss, the County contends that Count III of the Amended Complaint is moot because the County served Plaintiff with an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 for the full amount of relief that Plaintiff could obtain under the Equal Pay Act.  See Mot. at 3.  Therefore, the County seeks an Order dismissing Count III as moot.  For the reasons discussed below as well as the reasons stated in open Court at the February 16, 2012 hearing, the Motion to Dismiss will be granted, and a partial judgment will be entered on Count III.

---

[2]  The Amended Complaint alleges that Mr. Karr was hired in February 2008, but the record indicates that he was actually hired in February 2009.  See Patrick Karr Personnel Action Form [DE 49-8] (indicating an effective hiring date of February 16, 2009); see also Payroll Salary Assignment/Changes Record for Patrick Karr [DE 69-1 at 6] (indicating a new hire date of 02-16-2009).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 68 provides that at least fourteen days before trial, a defending party may serve a plaintiff with an offer to allow a judgment on specified terms. Fed. R. Civ. P. 68(a). If the plaintiff accepts the offer within fourteen days, then judgment is entered. Id. If the plaintiff does not accept the offer, the offer is deemed withdrawn. Fed. R. Civ. P. 68(b). Importantly, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

Whether or not the plaintiff accepts the offer, "generally, an offer of judgment providing the plaintiff with the maximum allowable relief [will] moot the plaintiff's [] claim." Moore v. Hecker, 250 F.R.D. 682, 684 (S.D. Fla. 2008) (citations and quotations omitted); see also Mackenzie v. Kindred Hosps. E., LLC, 276 F. Supp. 2d 1211, 1218-19 (M.D. Fla. 2003) (dismissing FLSA claim as moot after plaintiff rejected Rule 68 offer where offer exceeded amount plaintiff could have received at trial); Ambalu v. Rosenblatt, 194 F.R.D. 451, 453 (E.D.N.Y. 2000) (dismissing FDCPA claim as moot after plaintiff rejected Rule 68 offer where offer provided maximum statutory relief, because "there is no justification for taking the time of the court and the defendant in the pursuit of [a claim] which defendant has . . . satisfied."). Therefore, "Rule 68 offers can be used to show that the court lacks subject-matter jurisdiction." Pollack v. Bay Area Credit Serv., LLC, No. 08-61101-Civ, 2009 WL 2475167, at *5 (S.D. Fla. Aug. 13, 2009); see also Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which

to litigate . . . and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake."); Murphy v. Equifax Check Servs., Inc., 35 F. Supp. 2d 200, 203 (D. Conn. 1999) (dismissing FDCPA claim for lack of subject matter jurisdiction after plaintiff rejected Rule 68 offer when offer was for maximum amount of damages that plaintiff was entitled to recover).

### III. ANALYSIS

In Count III of the Amended Complaint, Plaintiff seeks relief under the Equal Pay Act.  The Equal Pay Act provides, "Any employer who violates the provisions of [the Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  The Act further states, "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  Id.

The County already adjusted Plaintiff's hourly rate above Mr. Karr's on May 16, 2010.  See Declaration of Rita McManus 10/26/2011 ¶ 8.  Then, on November 4, 2011, the County paid Plaintiff $1,331.52 as "backpay" through direct deposit.  See Payroll Receipt [DE 69-2 at 2] (for $1,331.52); Mot. at 3 n.2; Declaration of Rita McManus 11/16/2011 [DE 69-5] (confirming that Plaintiff was paid $1,331.52 in back pay on the pay period for November 4, 2011).  This amount consists of the hourly rate differential between Plaintiff and Mr. Karr from February 16, 2009 through May 16, 2010, when Plaintiff was no longer earning less than Mr. Karr.  See Declaration of Nicholas Polizos [DE 69-3] (explaining calculations).  Then, on December 20, 2011, the County served

Plaintiff with an Offer of Judgment for $1,331.52, an amount representing the liquidated damages that Plaintiff might have been able to recover if she were to prevail on her Equal Pay Act claim.  See Offer of Judgment [DE 69-4] (offering an additional $1,331.52 in liquidated damages); Mot. at 3, 4-5.

Based on this information, the County argues that Count III is now moot. Though there is no record evidence that Plaintiff accepted the Offer of Judgment, and the fourteen-day period during which she could have accepted has passed, the County relies on the notion that even if the plaintiff does not accept, "an offer of judgment providing the plaintiff with the maximum allowable relief [will] moot the plaintiff's [] claim."  Moore, 250 F.R.D. at 684; see also Lynch v. First National Collection Bureau, Inc., Case No. 11-60798-CIV, 2011 WL 2457903, at *1 (S.D. Fla. June 17, 2011). Importantly, however, the offer must be for the "maximum allowable relief."  Moore, 250 F.R.D. at 684; Lynch, 2011 WL 2457903, at *1.

Plaintiff does not dispute that the County already increased her salary above Mr. Karr's, tendered her unpaid backpay through direct deposit, and offered her a judgment for the full amount of liquidated damages.  However, at the February 16th hearing, Plaintiff argued that Count III is not moot because the offer of judgment does not include costs.  The Court agrees that Plaintiff is entitled to costs.  Plaintiff represented in open Court on February 16th that her only cost was the initial filing fee.  The County pointed out that the Offer of Judgment includes a provision that "Plaintiff, Irma Moten, shall retain the right to seek costs and reasonable attorney's fees accrued to date by filing a motion with the Court," Offer of Jgmt. at 1, but retention of the right to seek costs is not necessarily the same as an award of costs.  Therefore, the Court will award

5

Plaintiff $350.00 for the filing fee along with the $1,331.52 in liquidated damages.  As such, Plaintiff will receive the maximum allowable relief under Count III, and her Equal Pay Act Claim will be moot.

Plaintiff also suggested at the February 16th hearing that her judgment must include attorney's fees.  In this instance, the Court disagrees.  Although the Equal Pay Act does allow an award of reasonable attorney's fees, in this case, Plaintiff has not incurred any attorney's fees that entitle her to such an award.  She previously represented in open Court that Mr. William Amlong, her former counsel is not seeking any fees for his work on this case.  Plaintiff's new counsel, Ms. Leslie Holland, noted that Plaintiff has paid her for previous work on this case, but Ms. Holland did not enter an appearance until February 13, 2012 [DE 76], long after the Offer of Judgment was served and the Motion to Dismiss was filed.  After Mr. Amlong's withdrawal on July 22, 2011 [DE 37], and until Ms. Holland's notice of appearance on February 13, 2012, Plaintiff was proceeding *pro se*.  Plaintiff cannot earn attorney's fees under the Equal Pay Act for representing herself.  As the Eleventh Circuit has previously noted when denying *pro se* litigants' requests for attorney's fees under similar statutes, "awarding attorney's fees to *pro se* litigants under [a fee shifting statute] would frustrate the policy of encouraging litigants to retain independent counsel."  Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001) (finding district court could not award attorney's fees to *pro se* litigant under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(E)); Ray v. U.S. Dep't of Justice, 87 F.3d 1250, 1251-52 (11th Cir. 1996) (affirming denial of attorney's fees award to *pro se* litigant under FOIA, and comparing FOIA's fee shifting

provision to the provision in 42 U.S.C. § 1988); see also Hauschild v. United States, 53 Fed. Cl. 134, 146 (2002) (holding that *pro se* litigant cannot recover attorney's fees under the Equal Pay Act because the fee shifting provision assumes a paying attorney-client relationship).  Thus the absence of an award of attorney's fees does not preclude dismissal of Count III for lack of subject matter jurisdiction because Plaintiff is not entitled to any attorney's fees relating to Count III.

Therefore, the Court will enter a partial judgment in Plaintiff's favor on Count III of the Amended Complaint for $1,331.52 in liquidated damages plus $350 in costs. Because this judgment will provide Plaintiff with the maximum allowable relief on this claim, Count III will be moot and the Court will no longer have subject matter jurisdiction over the claim.  Accordingly, the County's Motion to Dismiss will be granted.

### IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant Broward County's Second Motion to Dismiss Count III of Plaintiff's Amended Complaint [DE 69] is **GRANTED**.  The Court will enter a separate Partial Judgment consistent with this ruling.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 16th day of February, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF