UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-62398-CIV-COHN/SELTZER

IRMA MOTEN,

    Plaintiff,

v.

BROWARD COUNTY, FLORIDA,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Irma Moten's Motion for Reconsideration of Order on Defendant's Motion for Summary Judgment [DE 82] ("Motion for Reconsideration"). The Court has considered the Motion for Reconsideration and the relevant parts of the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Irma Moten, an African American female, works as a forensic technician for Defendant Broward County's ("the County's") Medical Examiner's Office. She filed this action against the County on December 9, 2010, based on allegations that the County hired a white male, Patrick Karr, for a forensic technician position, but paid him more than her. See Complaint [DE 1]; Amended Complaint [DE 7]. Plaintiff argued that race was as substantial motivating cause of the County's actions, and that the County's actions were based "solely on the factor of sex." See Amended Complaint [DE 7] ¶¶ 23, 34. Therefore, she brought the following claims: race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Count I); race discrimination in violation of Florida Civil Rights Act of 1992 ("FCRA") (Count II); and violation of the

Equal Pay Act, 29 U.S.C. § 206 (Count III).  See Am. Compl.

On October 27, 2011, the County filed its Motion for Summary Judgment [DE 49] on all three claims, and on January 10, 2012, the County filed its Second Motion to Dismiss Count III as Moot [DE 69].  After carefully considering all filings and applicable parts of the record, as well as the argument of counsel at the February 16, 2012 hearing on the pending motions, the Court granted the County's Second Motion to Dismiss Count III of Plaintiff's Amended Complaint [DE 78] and granted the County's Motion for Summary Judgment as to Counts I and II [DE 80].

In the instant Motion for Reconsideration, Plaintiff requests that the Court vacate its Order on Defendant's Motion for Summary Judgment.  See Mot. for Reconsid.  For the reasons discussed below, the Motion for Reconsideration will be denied.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides "three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Ass'n For Disabled Ams., Inc. v. Amoco Oil Co., 211 F.R.D. 457, 477 (S.D. Fla. 2002).  A motion for reconsideration is not intended to be a tool for relitigating what a court has already decided.  Reyher v. Equitable Life Assur. Soc., 900 F. Supp. 428, 430 (M.D. Fla. 1995).  Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Id. (internal quotations omitted).  "[I]t is well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly." Krstic v. Princess Cruise Lines, Ltd.(Corp.), 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010).

### III. ANALYSIS

Plaintiff has not met her burden under Rule 59(e) for reconsideration of the Order on Defendant's Motion for Summary Judgment. In that Order, the Court explained that under the framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), a plaintiff must first establish a *prima facie* case of race discrimination. See Order on Def.'s MSJ at 6. Only after the plaintiff establishes a *prima facie* case does the burden shift to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. Id. Then, if the defendant meets its burden, the plaintiff may attempt to show that the proffered reason was pretextual. Id. Applying the McDonnell Douglas framework to this case, the Court then found that "Plaintiff has not met her burden to present a *prima facie* case of race discrimination, and summary judgment will be entered in the County's favor." Id. at 9. The Court then went on to explain that "[e]ven if Plaintiff had made out a *prima facie* case, . . . the County has presented legitimate, non-discriminatory, and non-pretextual reasons for offering Mr. Karr a higher pay rate." Id.; see also id. at 9-10, 10-12. The Court identified three such reasons: (1) the urgency to fill the vacant forensic technician position, (2) the desire to defray Mr. Karr's moving expenses from North Dakota to Florida, and (3) the desire to increase the likelihood that Mr. Karr would accept the position. Id. at 10. Despite Plaintiff's attempts to show pretext, the Court ruled that she "failed to produce significantly probative evidence that the County's reasons for hiring Mr. Karr at a higher rate of pay were false or that discrimination was the real reason." Id. at 12.

Despite her opportunity to make such arguments during the briefing and the hearing on the Motion for Summary Judgment, Plaintiff now argues that the Order on

Defendant's Motion for Summary Judgment should be vacated because one of the County's proffered reasons for offering Mr. Karr a higher pay rate was pretextual. Specifically, Plaintiff argues that the desire to defray Mr. Karr's moving expenses was not the true reason for offering him a higher pay rate because, according to the Declaration of Linda Lewis [DE 82-1], the "blue collar" union representative with the Federation of Public Employees, "[the County] does *not* compensate forensic technicians, such as Karr, or any of its blue collar personnel who are hired from out of state, with wage adjustments or enhancements to offset moving expenses that they may incur when moving to Broward County."  Mot. for Reconsid. at 2.  Plaintiff's argument fails for two reasons.

First, a litigant cannot use a Rule 59(e) motion to raise arguments that could have been raised prior to the entry of judgment.  Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998) ("The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed."); see also Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (plaintiff "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment").  Plaintiff shows no reason why she could not have obtained Ms. Lewis's declaration before the entry of judgment.  This case was pending for almost 14 months, and the County's Motion for Summary Judgment was pending for over 3.5 months.  Plaintiff had an opportunity to make arguments and present evidence regarding pretext in her Response to the Motion for Summary Judgment as well as at the February 16, 2012 hearing, but she failed to mention Ms. Lewis's testimony.  Thus, Plaintiff's objection based on Ms. Lewis's Declaration fails because it comes too late.

4

Second, and importantly, this Court granted the County's Motion for Summary Judgment because Plaintiff failed to establish a *prima facie* case of race discrimination. Plaintiff's Motion for Reconsideration does not challenge this finding. Accordingly, the Order on Defendant's Motion for Summary Judgment survives even without any evaluation of the County's proffered reasons for offering Mr. Karr a higher pay rate. Additionally, the Motion for Reconsideration does not challenge the County's remaining two proffered reasons: the urgency to fill the vacant forensic technician position and the desire to increase the likelihood that Mr. Karr would accept the position. Therefore, even if the Court were to find that Ms. Lewis's Declaration created a disputed issue of fact regarding whether the County offered Mr. Karr a higher pay rate to defray his moving costs, the Order on Defendant's Motion for Summary Judgment would still stand.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Irma Moten's Motion for Reconsideration of Order on Defendant's Motion for Summary Judgment [DE 82] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 28th day of February, 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF